IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| VERONICA ZAMORANO, INDIVIDUALLY, AND AS NEXT FRIEND OF D.C., A MINOR, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO.  7:21cv-00204 |
| PRISCILLA CHAPA, POLARIS INDUSTRIES INC., and ELLIFF MOTORS HGN., LTD. D/B/A ELLIFF MOTORS, | § § § § § | |
| Defendants. | § § | |

POLARIS INDUSTRIES INC.'S NOTICE OF REMOVAL

Polaris Industries Inc. removes the action entitled: *Veronica Zamorano, individually and as Next Friend of D.C., a Minor v. Priscilla Chapa, Polaris Industries, Inc., and Elliff Motors HGN., Ltd. d/b/a Elliff Motors*, Case No. C-1305-21-G, formerly pending in the 370th District Court for the County of Hidalgo, Texas (the "Zamorano Action") to the United States District Court for the Southern District of Texas, McAllen Division, under 28 U.S.C. §§ 1441, 1446, and all applicable laws.

I.     INTRODUCTION

On April 6, 2021, Ms. Zamorano filed her Petition, claiming, on behalf of her minor daughter,[1] that she sustained injuries while riding as a passenger in a 2019 Polaris RZR, a recreational off-highway vehicle, operated by Defendant Priscilla Chapa. Ms. Zamorano further

---

[1] Oddly, Ms. Zamorano's Petition misidentifies her child as a boy. Compare Ex. C-1, Pl.'s Petition, § VI with Rough Transcript of Priscilla Chapa's Deposition, taken May 19, 2021, 10:23-11:1; 13:23-14:3; 102:23-103:2 (identifying D.C. as Ms. Chapa's niece).

claims that the Polaris seatbelts failed to protect her daughter after Ms. Chapa encountered an "obstructed hazard." Ms. Zamorano does not—and actively avoids—implicating Ms. Chapa, her sister-in-law, as negligent for the accident. Similarly, Ms. Zamorano's Petition is silent as to any factual allegations involving Defendant Elliff Motors, a non-manufacturing seller that sold the Polaris RZR—but not to Ms. Zamorano (or Ms. Chapa). Because Ms. Chapa and Elliff Motors— both in-state defendants—are improperly joined, their citizenships can be disregarded. Diversity jurisdiction exists, and this removal is both timely and proper.

## II.      GROUNDS FOR REMOVAL

28 U.S.C. § 1332 permits removal, as the properly joined parties are diverse and the requisite amount in controversy is satisfied. Ms. Zamorano is a citizen of Texas. Polaris is a Delaware corporation, with its principal place of business in Minnesota. The amount in controversy sought in Ms. Zamorano's Petition exceeds $75,000 exclusive of interest and cost (Ms. Zamorano's seeks over $1,000,000.00), and the removal is timely filed within 30 days of receiving service of suit. *See* 28 U.S.C. § 1446(b)-(c); TEX. R. CIV. P. 47.

Venue is proper in the Southern District of Texas, McAllen Division because this case is removed from 370th District Court for the County of Hidalgo, Texas—within Southern District of Texas, McAllen Division. 28 U.S.C. §§ 1441(a), 1446(a).

No consent to removal is necessary because, as explained below, Polaris is the only properly named defendant. *See Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir. 1993) (if improper joinder is alleged, requiring consent of improperly joined parties "would be nonsensical, as removal in these cases is based on the contention that no other proper defendant exists.").

## III.     DEFENDANTS ELLIFF MOTORS AND CHAPA ARE IMPROPERLY JOINED

The Petition improperly joins, as Defendants, Elliff Motors and Priscilla Chapa in an attempt to avoid federal diversity jurisdiction. Both parties are Texas citizens. However, Ms.

Zamorano does not state a claim against either. Any claim against Elliff Motors is barred by statutory immunity, and Ms. Zamorano goes out of her way to ***avoid*** pleading an actionable claim against Ms. Chapa. Furthermore, Ms. Zamorano has actively colluded with Ms. Chapa's counsel in a misplaced attempt to defeat federal diversity jurisdiction in this Case and a related case, involving Ms. Chapa's claims also against Polaris. *See* the "Chapa Action," Case No. 7:20-cv-00306, ECF No. 1, Exhibit C-1, Plaintiffs' Original Petition.

## A. Standard of Review

"[T]he test for fraudulent joinder is whether … there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or nondiverse] defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). A "mere theoretical possibility of recovery under local law" will not preclude finding improper joinder. *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir. 2000); *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (same, citing *Ross*).

In reviewing a petition, the "court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. The pleadings must contain either direct allegations on every material point necessary to sustain a recovery or else contain allegations from which an inference fairly may be drawn that sufficient evidence will be introduced at trial. *See Rios v. City of Del Rio*, 444 F.3d 417, 420-21 (5th Cir. 2006). Conclusory allegations or legal allegations masquerading as factual conclusions will not suffice. *Id.* at 421.

A defendant can also establish improper joinder by establishing "actual fraud in the pleading of jurisdictional facts." *Smallwood*, 385 F.3d at 573; *see also Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). The district court may go beyond the pleadings and

conduct a summary inquiry to identify "discrete facts" that a plaintiff "misstated or omitted" that bear on the propriety of the removal. *Anderson v. Georgia Gulf Lake Charles, LLC*, 342 Fed. Appx. 911, 915-916 (5th Cir. 2009) (citing *Smallwood*, 385 F.3d at 573).

**B. Ms. Zamorano Has No Reasonable Expectation of Obtaining Relief Against Elliff Motors or Ms. Chapa.**

**1) Elliff Motors Is Improperly Joined.**

Ms. Zamorano alleges the Polaris RZR was purchased from Elliff Motors. However, Ms. Zamorano did not purchase the RZR, did not own it at the time of the accident, and took no part in its purchase. Ex. C-1, § VI. So, of course, Ms. Zamorano pleads no specific conduct, much less negligent conduct, related to Elliff Motors. Elliff Motors, according to Ms. Zamorano's Petition, is a non-manufacturing seller, and under Texas law: "A seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves":

1.    The seller participated in the design of the product;

2.    The seller altered the product in such a way to cause the damages;

3.    The seller installed or assembled the product incorrectly causing the damage;

4.    The seller controlled the content of deficient warnings and the harm resulted from the deficient warnings;

5.    The seller made false factual representation or warranties about the product and the injury would not have occurred had the representation been true;

6.    The seller "actually" knew the product was defective; or

7.    The manufacture is either insolvent or not subject to the court's jurisdiction.

TEX. CIV. PRAC. AND REM. CODE § 82.003.

Ms. Zamorano does not—because she cannot—allege a single enumerated exception to provide a plausible basis for recovery against Elliff Motors. Instead, Ms. Zamorano generally alleges in conclusory fashion that Elliff Motors somehow participated "in the design, manufacture, marketing" of the RZR. Conclusory pleadings, such as these, must be disregarded. *See Rios*, 444

F.3d at 21 (5th Cir. 2006); s*ee also Williams v. Avon Prod., Inc.*, No. 4:19-CV-02337, 2019 WL 6040073, at *5 (S.D. Tex. Oct. 24, 2019), report and recommendation adopted, No. 4.19-CV-02337, 2019 WL 6038525 (S.D. Tex. Nov. 14, 2019) (holding seller was improperly joined when plaintiff failed to plead exception under Section 82.003); *Evans v. Kawasaki Motors Corp., USA*, CIV. A. H-15-659, 2015 WL 4434073, at *8 (S.D. Tex. July 17, 2015) (same); *Garcia v. Nissan Motor Co., Ltd.*, No. CIV. A. M-05-59, 2006 WL 869944, at *6 (S.D. Tex. Mar. 30, 2006) (same). Because Ms. Zamorano's Petition omits any specific factual conduct to overcome statutory immunity, there is no reasonable basis for recovery against Elliff Motors, and it is improperly joined.[2]

### 2) Ms. Chapa Is Improperly Joined.

Ms. Chapa is also improperly joined because Ms. Zamorano does not have a bona fide intention to seek a judgment against Ms. Chapa. First, Ms. Zamorano's Petition demonstrates a deliberate effort ***to not plead*** a claim against Ms. Chapa. Second, looking beyond the Petition, fraud exists because Ms. Zamorano and Ms. Chapa's counsel, who was involved in drafting the Zamorano Petition, are improperly colluding to attempt to avoid this Court's jurisdiction. *See Rodriguez v. Casa Chapa S.A., de C.V.*, CV DR-04-CA-34, 2005 WL 8156099, at *4 (W.D. Tex. Feb. 23, 2005) (denying remand and finding "evidence of collusion . . . and evidence a lack of any real intent to seek judgment from [the non-diverse party].")

#### a) *Ms. Zamorano's Petition Does Not Plead Any Factual Basis for Recovery Against Ms. Chapa. Rather, the Petition Avoids Doing So.*

Ms. Zamorano's sole (and conclusory) allegation against Ms. Chapa relates to unspecified "negligence" for failing to maintain control of a purportedly defective vehicle.

---

[2] Plaintiff Zamorano's Original Petition includes nearly identical allegations to those filed by Ms. Chapa in the related action. *See* the "Related Action," Case No. 7:20-cv-00306, ECF No. 1, Exhibit C-1, Plaintiffs' Original Petition.

> NEGLIGENCE AS TO DEFENDANT PRISCILLA CHAPA
>
> The negligence of Defendant CHAPA in failing to maintain control of the vehicle designed, manufactured, and marketed by Defendants POLARIS, and put into the stream of commerce by Defendant ELLIFF MOTORS, was a proximate cause of the serious injuries suffered by the minor Plaintiff.

Ex. C-1, § VIII. But Ms. Zamorano's Petition then goes out of its way to excuse Ms. Chapa's conduct, stating she was unaware of the "obstructed defect." Ex. C-3, §§ VI, VII.

> Unbeknownst to Plaintiff, there was an obstructed hazard on the land which the occupants of the ATV came upon during the course of their drive.  When they came upon the hazard, Defendant CHAPA lost control, and wrecked.  The subject vehicle did not protect the occupants in this foreseeable incident, and the belts failed to provide protection to the occupants, including the minor Plaintiff.  In fact, on information and belief, the "safety" belt provided by Defendants became a mechanism of serious bodily injury to the minor Plaintiff.  As a direct result, the minor Plaintiff sustained serious, permanent, disfiguring, and disabling injuries in this foreseeable incident.

Ms. Zamorano's factual pleading does not suggest, much less allege, that Ms. Chapa acted negligently in response to an "obstructed hazard." Because Ms. Zamorano is not alleging—and indeed avoiding—facts implicating Ms. Chapa in negligent conduct, Ms. Chapa is an improperly joined Defendant.

> b) **_Ms. Zamorano and Her Representatives Are Colluding with Ms. Chapa and Her Representatives in an Attempt to Avoid Federal Jurisdiction._**

That Ms. Zamorano does not allege facts demonstrating that Ms. Chapa is liable (and avoids doing so) is unsurprising because Ms. Chapa's counsel—who represents Ms. Chapa in the Chapa Action but not this matter—actually participated in drafting the Petition against Ms. Chapa. Thus, the parties are not truly adverse, and there is no real claim pending against Ms. Chapa.

First, the Zamorano Petition is almost a word-for-word copy of the Chapa Petition. Whoever wrote one also wrote the vast majority of the other.

Further, as the Court is aware, Ms. Chapa has sought for the past eight months to have her case remanded to state court. *See* ECF No. 11, Pls.' 11/5/20 Motion to Remand. Her counsel knowingly warned the Court in earlier filings that new litigation against his client and Polaris would be filed in state court. *See* ECF No. 21, Pls.' 1/15/21 Reply In Support of Motion for Voluntary Dismissal, p. 8 n.5. More recently, he has used the existence of the Zamorano action as grounds to further justify the remand or dismissal of the Chapa Action. *See* ECF No. 32, Pls.' 4/8/21 Motion for Leave to File Supplement to Motion to Dismiss and Motion to Remand. In the eyes of Chapa and her counsel, the Zamorano Action has always been a possible ticket back to state court for the Chapa Action.

As such, it should come as no surprise that Chapa's counsel was involved in drafting the Zamorano Action. As noted, the Zamorano Petition is, with few exceptions, a carbon copy of the Chapa Petition. And incredibly, Ms. Zamorano's counsel invited Ms. Chapa's counsel to provide his input to Ms. Zamorano's ***draft*** Petition against Ms. Chapa and to let them know of his "questions/comments/concerns."



To be clear, this is no introductory email in which one lawyer introduces himself and offers the courtesy of allowing another lawyer to accept service on behalf of a client. To the contrary, it is clear from this email that the parties are just familiar with each other but there is no bona fide dispute between the parties.[3]

---

[3] The email's address request is odd, as Ms. Chapa is married to Ms. Zamorano's brother. Ms. Chapa lives on Zamorano Street in Donna, Texas, so named according to Ms. Chapa, because that is where all the Zamoranos live.

But there is more.[4] Two days after Ms. Zamorano filed her Petition in which she supposedly seeks an award of damages against her brother's communal assets, Ms. Chapa's counsel filed a renewed Motion to Remand and Dismiss (ECF No. 32) to again attempt to defeat federal jurisdiction in the Chapa Action, specifically citing his client's joinder in this Case. But these events all occurred four days *before* Ms. Chapa was served with the Zamorano lawsuit. Ex. C-5, State Court Citation to Ms. Chapa (showing service on April 12, 2021). Indeed, Ms. Chapa did not even authorize her counsel to disclose her personal address so that she could be served. Rough Transcript of Priscilla Chapa's Deposition, taken May 19, 2021, 150:25-151:8; 155:12-19.

If this all seems confusing, it's because it is: Ms. Chapa's counsel was offered an opportunity to provide comments and express concerns to a lawsuit against his client, supposedly does not inform his client of that fact, provides without permission his client's address to the lawyers seeking to sue the client, supposedly never tells his client that he did so, becomes aware that a lawsuit was actually filed against his client but supposedly never tells her, and allows her to be served four days later. None of it makes any sense, unless there was no bona fide dispute between the parties and everyone shared the same goal: help get the Chapa Action back to state court.

Finally, Ms. Chapa's answer was due May 3, 2021. No answer was filed. Ex. B. Ms. Chapa has not even hired a lawyer. *Id.*, 88:1-3. And yet, no motion for default judgment has been filed against her by Ms. Zamorano. No such motion has been filed because Ms. Chapa's joinder is part of an improper and misplaced strategy to defeat diversity jurisdiction in the Chapa Action. It is

---

[4] And it's possible there is much more. Ms. Chapa has provided incomplete and inadequate responses to Polaris's discovery requests seeking all communications between Ms. Chapa and her representatives and Ms. Zamorano and her representatives. Polaris has sought to meet-and-confer with Ms. Chapa's counsel on the issue for over a week now with no success. Ms. Chapa has not indicated what documents have been withheld pursuant to her objections, nor has she identified via interrogatory all communications between her representatives and Zamorano's representatives.

also, in part, to defeat diversity jurisdiction in this Case, where since filing her lawsuit, Ms. Zamorano has not taken any action against Ms. Chapa, including moving for default judgment after she failed to answer.

As shown, Ms. Zamorano joined Ms. Chapa as a defendant "without any purpose to prosecute the action in good faith against [her] and with the purpose of fraudulently defeating [Polaris'] right of removal" in both this case and the Chapa Action. *Gray v. Border Exp. Services, Ltd.*, 2:11-CV-128-KS-MTP, 2012 WL 12385, at *5 (S.D. Miss. Jan. 3, 2012). Because Ms. Zamorano has not (and seeks to avoid) asserting or prosecuting an actual claim against Ms. Chapa, her sister-in-law, Ms. Chapa is an improperly joined defendant. Therefore, her citizenship can be disregarded.

## V.    NOTICE

Polaris will give notice of the filing of this removal to all parties of record under U.S.C. § 1446(d). Polaris will also file notice with the Hidalgo Country District Clerk, and will serve on all parties, a notice of the filing of this Notice of Removal.

## VI.    EXHIBITS TO THIS NOTICE OF REMOVAL

These documents are attached to this Notice as correspondingly lettered exhibits.

Exhibit A.    Index of Matters Being Filed

Exhibit B.    State Court Docket Sheet

Exhibit C.    Documents filed in the State Court Action:

        C-1    Plaintiff's Original Petition
            Filed: April 6, 2021

        C-2    Citation Issued to Polaris Industries Inc.
            Issued: April 7, 2021.

        C-3    Polaris Industries Inc.'s Original Answer and Affirmative Defenses
            to Plaintiff's Original Petition
            Filed: May 17, 2021

C-4    Elliff Motors' Original Answer to Plaintiff's Petition
Filed: April 21, 2021

C-5    Citation Issued to Priscilla Chapa
Issued: April 8, 2021; Served April 12, 2021.

Exhibit D.    Certificate of Interested Parties and Rule 7.1(a) Disclosure Statement

Exhibit E.    List of Counsel of Record

## VII.   CONCLUSION

When this Court disregards the improperly joined parties, there is complete diversity of citizenship between those remaining parties. Ms. Zamorano is a Texas citizen. Polaris is a Delaware and Minnesota citizen, and because the amount in controversy exceeds $75,000 exclusive of interest and costs, the Court has jurisdiction under 28 U.S.C. § 1332(a). Thus, under the statutes cited here and in conformity with the requirements in 28 U.S.C. § 1446, Defendant Polaris timely removes this action from the 370th Judicial District Court of Hidalgo County, Texas to this Court.

Dated: May 20, 2021

Respectfully submitted,

MCDOWELL HETHERINGTON LLP

By: */s/ David T. McDowell*
    David T. McDowell
    Texas Bar No. 00791222
    William D. Thomas
    Texas Bar No. 24083965
    Joshua G. Latzman
    Texas Bar No. 24120444
    1001 Fannin Street, Suite 2700
    Houston, Texas 77002
    Telephone:713-337-5580
    Facsimile: 713-337-8850
    david.mcdowell@mhllp.com
    william.thomas@mhllp.com
    joshua.latzman@mhllp.com

*Attorneys for Defendant Polaris Industries Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on May 20, 2021, a true and correct copy of the above and foregoing has been served on all counsel of record via email:

*David T. McDowell*
David T. McDowell
